CONNOR v. CONCORD & MONTREAL RAILROAD.

A railroad corporation is not liable to a person injured accidentally by stumbling over the foot of a baggage-master engaged in taking freight from a baggage car at the usual place on the depot platform in the ordinary way.

CASE, for personal injuries.

*Felker & Pearl*, for the plaintiff.

*Frank S. Streeter, Joseph W. Fellows*, and *George E. Cochrane*, for the defendants.

CLARK, J. The plaintiff was a passenger from Concord to Laconia on the defendants' train arriving between twelve and half past twelve o'clock, went to a millinery store and transacted some business, then returned to the depot to meet a friend expected on the train from Alton Bay. The train arrived at twenty-five minutes past one, and the friend did not come. The plaintiff, after speaking to the conductor who was standing by the steps of the passenger car next to the baggage car, turned to go down town again, seeing the baggage-master standing by his truck by the baggage car a few feet from her, waiting to receive the baggage as it was passed out to him. The width of the platform was thirteen feet and four inches, and the truck did not exceed three feet in width. The plaintiff walked rapidly along looking straight ahead; and as she came opposite the baggage-master as he was receiving a piece of beef from the car, he stepped back, and she tripped over his foot and fell forward on the platform, receiving severe injuries.

The baggage-master was attending to his work, and did not notice the plaintiff until the accident happened. The plaintiff claims to recover damages of the railroad on the ground that her injuries were caused by the negligence of the baggage-master, and produces evidence of the foregoing facts to sustain her action. The evidence is insufficient. It shows that the baggage-master was attending to his duties in the ordinary place and manner, with no knowledge of the presence of the plaintiff until the accident happened. Eight or ten feet of the platform between him and the depot was unobstructed, leaving ample room for the plaintiff to pass without hindrance; and no negligence on his part is shown. The raising of the foot against which she tripped and fell was the natural movement to sustain the poise of the body as he reached forward to take the beef from the car, and is no evidence of negligence. He was in no fault for the accident, and the railroad is not chargeable. A nonsuit was properly ordered.

*Exceptions overruled.*

SMITH and CHASE, JJ., did not sit: the others concurred.